IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ADAMA CARPENTER,**

    **Petitioner,**

v.                                        **Civil Action No. 1:03CV200**
                                          **Criminal Action No. 1:01CR14-3**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT

This case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Standing Order No. 2 and in accordance with Local Rule of Prisoner Litigation 83.15. After reviewing the motion to vacate sentence filed pursuant to 28 U.S.C. §2255, Magistrate Judge Kaull filed a report and recommendation on April 26, 2005, following which, on June 24, 2005, Adama Carpenter ("Carpenter") filed timely objections.

Following the entry of the Magistrate Judge's Report and Recommendation, on October 4, 2005, Carpenter filed a motion for correction of his presentence report, stating that the Bureau of Prisons ("BOP") relies on a recommendation in his presentence report for two-level enhancement for possession of a firearm, which the Court did not adopt, to prohibit him from participating in the BOP's residential drug and alcohol treatment program ("RDAP").

**CARPENTER V. USA**  1:03CV200
 1:01CR14-3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

Although this motion was not addressed by the Magistrate Judge in his Report and Recommendation, the Court will address Carpenter's issue with his presentence report in this Order.

The Court has conducted a <u>de novo</u> review of the matters before it[1] and agrees with Magistrate Judge Kaull's recommendations to grant Carpenter's motion to amend, but deny Carpenter's §2255 petition as amended. Furthermore, for the reasons set forth below, the Court finds that Carpenter has stated a viable claim in his motion for correction of the presentence report.

### I. Procedural History and Factual Background

**A. Criminal Action**

In March, 2001, Carpenter was indicted for conspiracy to possess with the intent to distribute 50 grams or more of cocaine base ("crack"), and aiding and abetting in the possession with the intent to distribute 5 grams or more of crack.

On June 11, 2001, Carpenter executed a plea agreement with the Government in which he agreed to plead guilty to aiding and

---

[1] The district court judge "shall make a <u>de novo</u> determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>See also</u> Fed. R. Civ. P. 72(b); <u>E.g.</u>, <u>Fluellen v. Epstein</u>, 2003 U.S. Dist. LEXIS 23562 (D. S.C. 2003) <u>aff'd</u> 84 Fed. Appx. 299 (4th Cir. 2003).

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

abetting in the distribution of crack in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2. In paragraph eight of the plea agreement, the parties agreed and stipulated that Carpenter's total relevant conduct would not exceed 350 grams of crack. Furthermore, in paragraph eleven of the plea agreement, Carpenter waived his right to appeal and to collaterally attack his sentence.

On June 12, 2001, this Court conducted a plea hearing at which Carpenter entered a guilty plea, pursuant to the terms of the plea agreement. The Court advised Carpenter that the statutory minimum term of imprisonment for the offense to which he was entering a guilty plea was five years and that the statutory maximum term of imprisonment was forty years. The Court also informed Carpenter that it was not bound by the plea agreement, and asked him, "Did you, in fact, do what the Plea Agreement says you did with regard to the amount of the relevant drug conduct?" Carpenter replied "yes." During the plea hearing, Carpenter further stated that he was satisfied with his attorney's representation, that his attorney did not leave anything undone, and that no one had predicted what his sentence would be.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT

On October 26, 2001, Carpenter appeared before the Court for sentencing and objected to the portion of the presentence report that listed his base offense level as 34, based on a relevant conduct range of at least 150 grams but not more than 500 grams of crack. Carpenter contended that he was responsible only for about 120 grams. Carpenter's attorney advised the Court that he was prepared to question witnesses on whom the probation officer had relied in determining Carpenter's relevant conduct. The Court reminded the parties that it was not bound by the presentence report, and that such questioning could result in Carpenter being held responsible for more relevant conduct than the 350 grams to which the parties had stipulated in the plea agreement.

During this exchange with the Court, Carpenter also indicated that he thought he was "looking at five years." The Court again reminded him that, during his plea hearing, he had stated under oath that no one had promised or predicted the sentence he would receive, and that the Court had advised him of the statutory maximum of 40 years of imprisonment. Carpenter chose to withdraw his objections regarding the relevant conduct determination, and his attorney did not question the witnesses on whom the probation officer relied in determining the relevant conduct amount.

Accordingly, at the sentencing hearing, the Court applied the United States Sentencing Guidelines and determined that Carpenter's base offense level was a 34 based on relevant conduct involving 150 grams to 500 grams of crack. Although the presentence report contained recommendations that Carpenter receive a two-level enhancement for possession of a firearm, the Court sustained Carpenter's objection and did not adopt that recommendation. After receiving a three-level reduction for acceptance of responsibility, Carpenter's adjusted offense level was a 31. With an adjusted offense level of 31 and a criminal history category of II, the guidelines provided for a sentencing range of 121-151 months, and the Court sentenced Carpenter to 121 months incarceration.

## B. Fourth Circuit Appeal

Following his sentencing, pursuant to Anders v. California, 386 U.S. 738 (1967), Carpenter's attorney filed a brief with the Fourth Circuit asserting that there were no meritorious issues for appeal, but arguing that the Court erred in using Carpenter's juvenile convictions to determine his criminal history category. Carpenter also filed a pro se supplemental brief, arguing that the Court erred in relying on his juvenile convictions in determining

his criminal history category, that the drug quantity attributed to him was unreliable, and that the Court erred in enhancing his sentence for possession of a firearm. On August 21, 2002, the Fourth Circuit dismissed Carpenter's appeal, finding that it was barred by the waiver of appellate rights contained in the plea agreement. Further, as required by <u>Anders</u>, the Fourth Circuit found no meritorious issues for appeal.

### C. Federal Habeas Corpus Motion

On September 17, 2003, pursuant to 28 U.S.C. § 2255, Carpenter filed a motion to vacate sentence, asserting three grounds for denial of effective assistance of counsel:

> (1) Defense counsel failed to present evidence of other witnesses, especially from the grand jury, that would have contradicted the evidence relied upon by the statements given to the probation. These statements were unreliable and untruthful.
>
> (2) Defense counsel failed to present evidence of other witnesses, especially from the grand jury that would have established that the petitioner did not possess a firearm and that enhancement/adjustment for carrying a firearm was not based upon reliable or accurate information.
>
> (3) Defense counsel did not provide evidence nor make argument that the petitioner could not be held responsible for juvenile adjudications because petitioner did not receive a sentence for those offenses and was never committed to a prison and therefore probation could

not have been violated, because the sentence could never have been counted in the first place.

**D. Motion to Amend To Add <u>Blakely</u> Claim**

On July 8, 2004, Carpenter filed a motion for leave to amend his petition, arguing that, in light of the holding in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), his sentence should be vacated. Specifically, Carpenter alleged that the district court imposed drug quantities and a firearm enhancement in violation of his due process rights.

**E. Report and Recommendation**

Magistrate Judge Kaull recommended that Carpenter's §2255 motion be denied because he failed to state to a viable ineffective assistance of counsel claim. He noted that, although waivers of appellate rights and waivers of the right to collaterally attack, such as the ones in Carpenter's plea agreement, are generally enforceable, there are exceptions. Specifically, claims of ineffective assistance of counsel during a plea or following entry of a plea are not barred by waiver. <u>U.S. v. Attar</u>, 38 F.3d 727 (4th Cir. 1994); <u>see also</u> <u>Butler v. U.S.</u>, 173 F. Supp.2d 489 (E.D. Va. 2001).

CARPENTER V. USA							1:03CV200
								1:01CR14-3

CARPENTER V. USA                               1:03CV200
                                               1:01CR14-3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

The magistrate judge indicated that courts traditionally apply the two-part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984), to claims of ineffective assistance of counsel. First, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, the petitioner must show that he was prejudiced by counsel's performance. Id. at 693. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The magistrate judge, however, stated that a defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden regarding the prejudice prong: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

The Magistrate Judge first examined Carpenter's claim that he was not responsible for the 350 grams of crack that he stipulated

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

to in his plea agreement and that the evidence relied upon to arrive at that amount was unreliable. Carpenter argued that his attorney failed to counter the unreliable evidence and also asserts that his attorney represented to him that he would be sentenced to no more than five years. The Magistrate Judge found that both of these arguments were without merit.

At Carpenter's sentencing, his attorney was prepared to cross-examine witnesses in support of his objection to the relevant conduct determination. However, after the Court advised him that it was not bound by the stipulated relevant conduct amount, and that he could face a greater sentence if testimony revealed that he was responsible for more than 350 grams of crack, Carpenter decided not to proceed with testimony.

Further, Carpenter testified at his plea hearing that no one had promised or predicted the sentence he would receive, and, upon being reminded of this at his sentencing, Carpenter withdrew his objections regarding the relevant conduct determination. Accordingly, the Magistrate Judge found that Carpenter's allegations did not support the conclusion that his attorney was ineffective in his handling of the relevant conduct issue.

| CARPENTER V. USA | 1:03CV200 |
|---|---|
| | 1:01CR14-3 |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

The Magistrate Judge next addressed Carpenter's claim that his attorney was ineffective for failing to present evidence to dispute the firearm enhancement recommended in the presentence report. However, the Court did not impose a firearm enhancement in sentencing Carpenter; thus, the Magistrate Judge found Carpenter's contention to be without merit.

The Magistrate Judge also found Carpenter's final claim, that his attorney was ineffective for failing to offer evidence to show that his criminal history category incorrectly accounted for his juvenile adjudications, was meritless. First, the Fourth Circuit addressed this issue in Carpenter's appeal, and found it to be without merit. Additionally, the Report & Recommendation states that Carpenter argued that no criminal history points should have been added based on the probation officer's finding that he committed the instant offense while on probation, but the Court had not added any criminal history points for that reason. Therefore, the Magistrate Judge also found this claim to be meritless.

Accordingly, Magistrate Judge Kaull concluded that Carpenter had not met the heightened applicable standard because he did not assert that, but for his attorney's alleged errors, he would have

**CARPENTER V. USA**  1:03CV200
1:01CR14-3
**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

gone to trial. Magistrate Judge Kaull also found that Carpenter did not meet the Strickland standard.

After analyzing Carpenter's ineffective assistance of counsel claims, Magistrate Judge Kaull addressed Carpenter's motion for leave to amend his petition to add a Blakely claim. The Magistrate Judge recommended granting the motion to amend, but found that Carpenter's Blakely/Booker claim was untimely filed pursuant to 28 U.S.C. §2555(3). Largely relying on Lilly v. U.S., 342 F. Supp.2d 532 (W.D. Va. 2004), the Magistrate Judge found that Blakely and Booker do not apply retroactively to cases on collateral review. Therefore, the Magistrate Judge recommended that Carpenter's Blakely/Booker claim be denied.

### F. Carpenter's Objections

On June 24, 2005, Carpenter filed objections to the Magistrate Judge's Report and Recommendation, accompanied by his own affidavit. The objections and affidavit address only his ineffective assistance of counsel claim, specifically Carpenter's allegation that his attorney represented to him that his sentence would not exceed five years. Carpenter's affidavit states that, "I would have insisted on going to trial had I known that my sentence

would exceed 5 years." The affidavit also states that, although the Court did not impose a firearm enhancement to his sentence, the presentence report recommends this enhancement. Carpenter argues that this "misinformation" causes him to be ineligible for the Bureau's RDAP program and a possible one-year reduction in his sentence should he successfully complete the program.

**G. Motion for Correction of Pre-Sentence Report**

On October 4, 2005, Carpenter filed a motion requesting the Court to amend his presentence report. His motion reiterates his assertion that the presentence report inaccurately reflects that he should receive a two level increase in his offense level for possession of a firearm. Indeed, Carpenter attaches a portion of his presentence report reflecting the recommended sentence calculation, which does suggest a two point increase for possession of a firearm. He argues that, because of this "clerical error," the Bureau of Prisons ("BOP") regards his offense as a crime of violence, which prevents him from being eligible for the RDAP and a one-year reduction in his sentence should he successfully complete the program.

## II. ANALYSIS

### A. Motion to Vacate

Carpenter's affidavit, which asserts that he would have insisted on going to trial if he had known that his sentence would exceed five years, goes to the second part of the Strickland two-part analysis. Strickland provides that, to establish ineffective assistance of counsel, a petitioner must first show that his counsel performed in an objectively unreasonable manner, and, secondly, that this objectively unreasonable performance resulted in prejudice to the petitioner. Strickland, 466 U.S. at 687. As the Magistrate Judge's Report and Recommendation explains, a defendant who alleges ineffective assistance of counsel following a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59; Hooper v. Garraghty, 845 F.2d at 475. Therefore, in his objections and affidavit, Carpenter attempts to establish that he was prejudiced by his counsel's performance.

Carpenter's newly-proffered affidavit, however, is inconsistent with his prior testimony given under oath in earlier

court proceedings. At Carpenter's plea hearing, he testified that no one had predicted what his sentence would be. When the Court reminded him of this at his sentencing, Carpenter withdrew his objection to the relevant conduct determination rather than assert a contrary position. Carpenter also chose not to offer evidence or cross-examine witnesses for fear that he would be exposed to punishment for more than the maximum 350 grams of crack to which he had stipulated in his plea agreement. Therefore, Carpenter's previous behavior and testimony do not support his present assertions that his attorney promised that he would receive less than five years imprisonment, and that, but for his reliance on his attorney's promise, he would have insisted on going to trial. Accordingly, the Court finds Carpenter's objections and affidavit testimony unpersuasive.

Furthermore, aside from Carpenter's unreliable statement that his attorney promised him that his sentence would not exceed five years imprisonment, he offers no evidence to show that his attorney performed in an objectively unreasonable fashion to meet the first factor in the <u>Strickland</u> analysis. Rather, as the Magistrate Judge's Report and Recommendation indicates, Carpenter's attorney was prepared to cross-examine witnesses to challenge the relevant

conduct determination in Carpenter's case. The attorney failed to question witnesses only because Carpenter withdrew his objections to the relevant conduct determination. Based on the highly deferential standard with which courts review attorneys' performance, the Court agrees with the Magistrate Judge's finding that Carpenter's attorney's performance did not fall below an objectively reasonable standard.

Carpenter's failure to establish that his attorney's performance fell below an objective standard of reasonableness is sufficient to deny Carpenter's ineffective assistance of counsel claims. Yet, even if the Court were to view the attorney's performance as unreasonable, it is not persuaded that Carpenter would have insisted on going to trial; therefore, it concludes that Carpenter suffered no prejudice. Accordingly, the Court **DISMISSES WITH PREJUDICE** Carpenter's ineffective assistance of counsel claims.

**B. Motion to Amend/<u>Blakely</u> Claim**

Carpenter requested that he be permitted to amend his §2255 motion to assert a claim that his sentence must be vacated pursuant to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Federal Rule of

**CARPENTER v. U.S.**  1:03cv200
1:01CR14-3

## ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT

Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. Because no responsive pleading had been filed in this case, Carpenter did not need to seek leave to amend his complaint. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Carpenter's motion to amend to add the Blakely claim.

However, Carpenter was sentenced before the Supreme Court decided Blakely, or United States v. Booker, 125 S. Ct. 728 (2005). Accordingly, Magistrate Judge Kaull, relying on Lilly v. United States, 342 F.Supp.2d 532 (W.D. Va. 2004), observed that Blakely and Booker do not apply retroactively. In a recent published opinion, this Court also concluded that neither Blakely or Booker has retroactive effect. Daniel v. United States, Nos. 1:04CV154 & 1:03CR3, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. June 10, 2005). Therefore, Carpenter's Blakely claim fails as a matter of law.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES WITH PREJUDICE** Carpenter's Blakely/Booker claim.

**C. Motion for Correction of Pre-Sentence Report**

Relying on Rule 36 of the Federal Rules of Criminal Procedure, Carpenter requests that the Court amend his presentence report to reflect that he did not receive a sentencing enhancement for possession of a firearm. Carpenter alleges that the BOP has prohibited him from participating in the RDAP because of the sentencing enhancement for possession of a firearm contained in the presentence report. The Court, however, did not adopt the recommendation concerning the firearm enhancement at his sentencing hearing.

In 1983, Federal Rule of Criminal Procedure 32 was amended to add Subdivision(c)(3)(D) which provided that, if the Court determines that a controverted matter "will not be taken into account in sentencing[,] [a] written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons." In 2002, Fed. R. Civ. P. 32 was amended as part of the general restyling of the Criminal Rules of Civil Procedure.

CARPENTER v. U.S.

1:03cv200
1:01CR14-3

ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT

The 2002 Amendment moved the requirements originally set forth in subdivision (c)(3)(D) to subdivision (i)(3)(A)-(C). Therefore, the current Rule 32(i)(3) states:

> (3) **Court Determinations**. At sentencing, the court:
> (A) may accept any undisputed portion of the presentence report as a finding of fact;
> (B) must- for any disputed portion of the presentence report or other controverted matter- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect the sentencing, or because the court will not consider the matter in sentencing; and
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Regarding this requirement, the Fourth Circuit has stated, "[a]lthough the appending requirement is ministerial in nature, it 'reduces the likelihood of later decisions being made on the basis of improper information' by providing 'a clear record of the disposition and resolution of controverted facts in the presentence report.'" U.S. v. Miller, 871 F.2d 488, 489 (4th Cir. 1989)(quoting U.S. v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir. 1986)(internal citations omitted). Courts have determined that, if the district court fails to attach its findings, or if its attached findings

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

fail to adequately clarify the court's determinations, then district courts may remedy this clerical error upon a Federal Rule of Criminal Procedure 36 motion. U.S. v. Wach, 907 F.2d 1038, 1040 (4th Cir. 1990)(citing United States v. Knockum, 881 F.2d 730, 732 (9th Cir. 1989)).

In accordance with Fed. R. Crim. Pro. 32, on October 31, 2001, the Court prepared and entered an Addendum to the Judgment and Commitment Order finding that Carpenter did not possess a firearm during the offense of conviction and refusing to apply the two-level enhancement for possession of a firearm. Inexplicably, however, the BOP did not receive a copy of this Addendum or the Statement of Reasons to the Judgment and Commitment Order. Accordingly, that agency has mistakenly relied on a recommendation contained in the presentence report that the Court did not adopt in determining Carpenter's status to participate in the RDAP. This is exactly the type of harm that Federal Rules of Criminal Procedure 32 and 36 were designed to prevent. Accordingly, the Court **GRANTS** Carpenter's motion for "correction" of his presentence report.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY CARPENTER'S §2255 MOTION AND GRANTING CARPENTER'S MOTION FOR CORRECTION FOR PRESENTENCE REPORT**

### Conclusion

The Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES WITH PREJUDICE** Carpenter's §2255 motion as amended with his <u>Blakely</u>/<u>Booker</u> claim. However, the Court **GRANTS** Carpenter's Motion For Correction of the presentence report and **DIRECTS** the probation officer, Vincent Zummo, to attach the Court's Addendum to Judgment and Commitment Order and the Statement of Reasons within the Judgment and Commitment Order to the presentence report and provide documents to the Bureau of Prisons.

Because all of Carpenter's claims are resolved by this Order, the Court **DIRECTS** the Clerk to **STRIKE** this case from its docket

It is so **ORDERED**.

The Clerk is directed to mail a copy of this order to counsel of record, <u>pro se</u> Plaintiff, certified mail, return receipt requested, and the appropriate agencies.

Dated: May __16__, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE